COMMONWEALTH *vs.* BENNING PINDAR.

The police court of the city of Lowell has not exclusive jurisdiction of complaints for offences committed within the city, but only a jurisdiction concurrent with that of any justice of the peace within the county of Middlesex.

ABIJAH SANDERSON, on the 20th of April 1846, made a complaint to Israel Hildreth, Esq. a justice of the peace for the county of Middlesex, residing in Dracut, and therein

alleged that the defendant assaulted and beat him, at Lowell, on the 16th of said April. The said justice thereupon issued a warrant, returnable before himself, on which the defendint was arrested and carried before him. The said justice found the defendant guilty, and imposed on him a fine of ten dollars and costs of prosecution. The defendant appealed to the court of common pleas. At the trial in that court, before *Cushing*, J. the defendant moved that the complaint should be dismissed, because the justice, before whom it was made and tried, had no jurisdiction of the offence therein set forth. This motion was overruled. The jury found the defendant guilty, and he alleged exceptions.

*J. G. Abbott*, for the defendant.

*Nelson*, (District Attorney,) for the Commonwealth.

SHAW, C. J. The only question is, whether a justice of the peace for this county, residing at Dracut, and not in the city of Lowell, has, by law, jurisdiction to hear and determine complaints for offences committed in the city of Lowell.

It is insisted, on the part of the defendant, that the police court of said city has exclusive jurisdiction of such offences. This, of course, depends upon the construction of the statutes.

The general provision in the Rev. Sts. c. 85, § 24, is, that "every justice of the peace, within his county, may punish, by fine not exceeding ten dollars, all assaults and batteries," &c. This vests in justices, residing in any town of the county, a jurisdiction to hear and determine offences of the kind stated in this complaint; and that jurisdiction will attach, unless restrained or taken away by some other specific provision. Such limitation is supposed to be found in the laws regulating the police court of Lowell. By Rev. Sts c. 87, § 29, this court, and the several police courts of the State, except that of Boston, are put upon the same footing. By § 32, these courts are to "have the same jurisdiction, in criminal suits and prosecutions," throughout their respective counties, "which justices of the peace have in the same counties.' By § 33, all warrants issued by any justice of the peace, *in any judicial district*, "shall be returnable before the

police court of the district." The city of Lowell constitutes one judicial district in the county of Middlesex. By § 34, the police courts have the same civil jurisdiction with justices of the peace, within their respective jurisdictions. And by the same section, this jurisdiction is *exclusive*, when the plaintiff and defendant both reside within the judicial district, which is, in this case, the city of Lowell. These are all the provisions which bear upon the question; and there is nothing which gives the police court exclusive jurisdiction of assaults and other offences committed within the city, or restrains magistrates of the county, other than those residing within the judicial district, namely, the city of Lowell, from exercising the jurisdiction given by the provision before cited from § 24 of *c*. 85 of the Rev. Sts. By that section, every justice of the peace has authority, not only to issue warrants on complaints for all offences committed within the county, but also to make such warrants returnable before himself or any other justice, and upon the return of such warrants, to examine, hear and determine the matter, and commit, bind over, or punish by any such judgment as a justice of the peace is, in any case, authorized to render.

The provision in regard to the police court of Boston is not analogous; because an exclusive jurisdiction is in effect given by statute. The county of Suffolk consists of Boston and Chelsea only. The Rev. Sts. *c*. 87, § 5, provide that all warrants, issued by any justice of the peace in Boston, shall be made returnable before the police court, and that no process, issued by a justice of the peace in Chelsea, shall be served in Boston, except for causes of complaint arising in Chelsea. This makes the jurisdiction of the police court of Boston necessarily exclusive.

It appears, therefore, that when the legislature intended to make the jurisdiction of a police court exclusive, they did it in terms, or as the necessary result of express provisions. So in the jurisdiction of civil actions, when it was intended to make it exclusive, it was done so expressly; as where both parties reside in the city. In regard to the criminal jurisdiction,

the court are of opinion that the legislature have made no such provision, and that the magistrate, who issued the warrant in the present case, and made it returnable before himself, upon a complaint for an assault committed in the city of Lowell, had jurisdiction of the offence, and that his proceeding in this respect was not erroneous.

*Exceptions overruled.*